IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| RANDY LEE CAPEHART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CV 324-030 |
| | ) |
| COMMISSIONER OF THE GEORGIA | ) |
| DEPARTMENT OF CORRECTIONS; | ) |
| ASSISTANT COMMISSIONER | ) |
| OVERSEEING DELIVERY OF HEALTH | ) |
| CARE; WHEELER CORRECTIONAL | ) |
| PRISON; and DR. NEAV, | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*).

**I.     Screening the Amended Complaint**

    **A.     Background**

Plaintiff commenced this case by submitting a complaint that did not provide any details about the participation of any named Defendant in the medical treatment, or lack thereof, about which he complained. In fact, he did not mention any Defendant in his Statement of Claim. (Doc. no. 1, pp. 3-4.) Nor did he provide any details about his medical condition or injury for which he claims to have received constitutionally inadequate treatment.

In the Order directing Plaintiff to file an amended complaint, the Court provided explicit instructions about how to file an amended complaint, including what information must be included in numbered paragraphs: "(i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred." (Doc. no. 3, p. 5.) Moreover, the complaint form provided to Plaintiff by the Clerk of Court instructs the *pro se* litigant to describe in the Statement of Claim what each defendant(s) did to cause harm or violate the plaintiff's rights. (Doc. no. 4, p. 4.) In particular, the plaintiff is instructed to provide dates and places for the alleged wrongful conduct, and if more than one claim is stated, number each claim and write a short and plain statement for each count. (Id.)

In response, Plaintiff submitted an amended complaint that added one Defendant but failed to follow the instructions described above concerning the requirement to provide factual details about the alleged misconduct correlated to specific Defendants. Indeed, Plaintiff again fails to provide any details about the participation of, or connection to, any named Defendant concerning the medical treatment about which he complains. Likewise, he again fails to mention any Defendant in his Statement of Claim.

While the Court must take all of Plaintiff's factual allegations as true for purposes of the present screening, the Court can determine only that during an approximately eight-month period from May 2022 through January 2023, Plaintiff lost strength in his right arm and left hand. (Id.) He also experienced numbness and loss of feeling in the same two extremities. (Id.) Although Plaintiff does not explain what caused his physical ailments, he alleges he was refused medical care. (Id. at 3.) He seeks ten million dollars in damages from the following

Defendants: (1) Commissioner of the Georgia Department of Corrections; (2) Assistant Commissioner Overseeing the Delivery of Health Care; (3) Wheeler Correctional Prison; and (4) Dr. Neav. (Id. at 1-2, 4.)

### B. Discussion

#### 1. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a

cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*).  However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint.  See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

    **2. Plaintiff's Amended Complaint Should Be Dismissed for Failure to Follow a Court Order**

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)).  Dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (finding dismissal appropriate where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned" (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, the Court previously explained to Plaintiff he had not provided sufficient factual detail about his claims and cautioned him that failure to submit an amended complaint as instructed would result in a recommendation for dismissal.  (See doc. no. 3.) The Court also specifically cautioned Plaintiff about the need to provide the details of alleged misconduct, including dates and locations for alleged misconduct.  (Id. at 4.)  The Court also provided Plaintiff a standard complaint form containing explicit instructions to separately number each claim and provide information about the specific actions taken by Defendant that are alleged to have harmed Plaintiff or violated his rights.

Yet, Plaintiff completely ignored those instructions and simply provided a date range during which he experienced loss of strength and feeling, as well as numbness, in his right arm and left hand.  And other than adding the name of a doctor as a Defendant, without any explanation of when that doctor may have examined Plaintiff or providing information about the circumstances under which he was (or was not) examined, Plaintiff did not provide any additional information from what was provided in the original complaint.

It is long settled in the Eleventh Circuit that the dismissal of a *pro se* complaint is appropriate where a plaintiff fails to heed the pleading instructions from the court regarding re-drafting the complaint.  Taylor v. Spaziano, 251 F. App'x 616, 620-21 (11th Cir. 2007) (*per curiam*); Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*).  Because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction for disobeying the Court's instructions about amending, and having been given an opportunity to cure pleading deficiencies to no avail, Plaintiff's conclusory allegations should be dismissed.  See Hudson v. Morris, CV 420-120, 2022 WL

5

344556, at *5 (S.D. Ga. Feb. 4, 2022) (Baker, J.) (dismissing federal claims after concluding court need not provide limitless attempts to correct repeatedly noted pleading deficiencies).

### 3. Plaintiff's Amended Complaint Fails to State a Claim Upon Which Relief Can Be Granted

Plaintiff's refusal to follow the Court's Order regarding amendment of his claims provides one basis for dismissing the case, but the failure to include factual detail as instructed also results in a finding that Plaintiff fails to state a claim upon which relief can be granted. First, to properly raise a claim, a pleading must associate the purported violation with a specific defendant. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong." (citation omitted)). Conclusory allegations devoid of specific factual detail connecting Defendants to the alleged wrong(s) not only fail to comply with the Court's prior Order, but also do not satisfy minimum pleading requirements of connecting Defendants with a purported constitutional violation. See West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in § 1983 case allegation of violation of right secured by Constitution or laws of United States by person acting under color of state law). Plaintiff's conclusory "the-defendants-unlawfully-harmed-me accusations" will not suffice. See Iqbal, 556 U.S. at 678; see also Roberts v. Houston Cnty. Superior Ct., No. 20-14857, 2021 WL 6099478, at *3-4 (11th Cir. Dec. 23, 2021) (*per curiam*) (affirming dismissal of pro se complaint that failed to provide specific facts about what defendant did or failed to do and subsequent attempt to add facts failed "to specify which individuals allegedly violated [plaintiff's] rights and when h[is] rights were allegedly violated").

Second, to state a claim for deliberate indifference to a serious medical need, Plaintiff must allege that: (1) he had a serious medical need –the objective component, (2) a

6

defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010) (explaining that in addition to objective and subjective components of Eighth Amendment claim, a plaintiff must "show a causal connection between the constitutional violation and his injuries" to prevail on any § 1983 claim). Plaintiff's lack of factual detail is fatal to any intended medical deliberate indifference claim because there is no information about Plaintiff's medical need, let alone any information that a Defendant acted with a sufficiently culpable state of mind in disregarding a serious risk of harm about which they aware. See Goebert, 510 F.3d at 1326-27; Chandler v. Crosby, 379 F.3d 1278, 1290 (11th Cir. 2004). In addition, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999); Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991); see also Palazon v. Sec'y for Dep't of Corr., 361 F. App'x 88, 89 (11th Cir. 2010) (*per curiam*) (requiring more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law" to establish deliberate indifference claim).

Third, even if Plaintiff had stated a valid deliberate indifference claim against a medical provider within the prison system, Plaintiff cannot hold the Commissioner and Assistant Commissioner liable by virtue of their supervisory positions. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*). "Because vicarious liability

7

is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold either of these two supervisory Defendants liable, Plaintiff must demonstrate that they (1) actually participated in the alleged constitutional violation, or (2) there is a causal connection between the individual's actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff appears to name the Commissioner and Assistant Commissioner as Defendants by virtue of their supervisory positions, but because he fails to even mention them in his Statement of Claim, he has not alleged actual participation in, or a causal connection to, any alleged constitutional violation. Therefore, he fails to state a valid claim against them.

Finally, Defendant Wheeler Correctional Prison is not a proper party, as jails and prisons are not legal entities subject to liability in § 1983 claims. See Jamelson v. Unnamed Defendant, No. CV 617-103, 2017 WL 6503630, at *2 (S.D. Ga. Dec. 19, 2017) (explaining "Georgia State Prison . . . is not a separate legal entity capable of being sued"), *adopted by* 2018 WL 616142 (S.D. Ga. Jan. 29, 2018); Parks v. Georgia, No. CV 517-047, 2017 WL 2930832, at *3 (S.D. Ga. July 10, 2017) (explaining "penal institutions . . . are generally not considered legal entities subject to suit"). Appropriate parties for suit under § 1983 include "persons" who participated in the alleged violation. See 42 U.S.C. § 1983; West, 487 U.S. at 48; see also Ga. Insurers Insolvency Pool v. Elbert Cnty., 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such

8

quasi-artificial persons as the law recognizes as being capable to sue") (quotations omitted). As Defendant Wheeler Correctional Prison is a state prison, it is not a proper party.

## II. Conclusion

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** for failure to follow a Court order and failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 10th day of May, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA